IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROSE A. BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DORIS DUKE FOUNDATION –<br>SHANGRI-LA MUSEUM OF ISLAMIC ART,<br><br>　　　　Defendant. | Case No. 24-cv-00383-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**[1] |

On September 9, 2024, Plaintiff Rose Buchanan, proceeding *pro se*, filed a Complaint against Defendant Doris Duke Foundation – Shangri-La Museum of Islamic Art ("Foundation"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964. Dkt. No. 1. In addition, Buchanan also filed an application to proceed *in forma pauperis*, Dkt. No. 3, and a motion for appointment of counsel, Dkt. No. 6.

## I.　IFP Application

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.l(d).

submits an affidavit which demonstrates that she lacks the ability to pay. Though an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), she must "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Buchanan has made the requisite showing under Section 1915(a). In her IFP Application, Buchanan asserts that she is currently unemployed, and her only source of income is $540 per month in food stamps.[2] Dkt. No. 3 at 1. In addition, although Buchanan has $2,900 in cash or in a checking or savings account and no debt, financial obligations, or dependents, she also has no items or assets of value, and her monthly expenses total $2,045.[3] *Id.* at 2. Accordingly, in light of these figures, the Court finds that Buchanan lacks sufficient income to pay or assets to provide security for the filing fee while still affording the necessities of

---

[2]This income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2024 Guidelines for Hawaiʻi. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

[3]Although Buchanan states her monthly expenses total $2,050, her listed expenses amount to $2,045 including: $1,310 for rent, $80 for the bus, $55 for her cellphone, and $600 for food. *See* Dkt. No. 3 at 2.

life.  *See Escobedo*, 787 F.3d at 1234–36.  Her IFP Application, Dkt. No. 3, is therefore GRANTED.

## II.     Screening

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), it cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the litigant's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

Here, Buchanan's Complaint does not provide sufficient factual detail to plausibly state a claim for relief.  Title VII of the Civil Rights Act of 1964 prohibits refusing to hire any individual on the basis of race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  Buchanan, however, asserts only that the Foundation "claimed that employment was contingent upon background +

references that passed but still backed out off [sic] offer." Dkt. No. 1 at 3. Although Buchanan questions whether such decision was based on her religion, sex, or national origin, she provides *no* factual detail that would support those inferences. *See id.* In fact, Buchanan specifically states that the Foundation "did not provide any reason" when it informed her that it was no longer moving forward with her employment. *Id.* As such, because Buchanan has failed to provide sufficient factual information to state even the most basic element of a Title VII claim—membership in a protected class—the Court cannot find that she has plausibly shown that she is entitled to relief. *See Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1094 (9th Cir. 2005) (outlining the framework for evaluating disparate treatment claims). The Complaint, Dkt. No. 1, must therefore be DISMISSED, albeit with leave to amend, as detailed below.

### III. <u>Appointment of Counsel</u>

Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff bringing employment discrimination claims under Title VII may seek the appointment of counsel. In evaluating such requests, the Court considers three factors: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.* at 416–17 (quotation marks and citation omitted). Although the ultimate decision is "left to the sound discretion of the district court," *Johnson v. United States Treasury Dep't*, 27 F.3d

415, 416 (9th Cir. 1994), the plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request, *see Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014).

Here, as discussed above, the Court finds that the Complaint lacks sufficient factual detail to state a meritorious claim for relief. *See supra* 3–4. Consequently, Buchanan's request for the appointment of counsel, Dkt. No. 6, is DENIED WITHOUT PREJUDICE.

## IV. Leave to Amend

Although the Complaint, as written, fails to state a plausible claim for relief, it may nevertheless be possible for Buchanan to allege sufficient factual detail to do so. As such, the Court grants her leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Should she choose to file an Amended Complaint, Buchanan must briefly and plainly explain to the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory rights she believes were violated; (3) the names of the defendants who violated those rights; (4) each defendant's precise actions or inactions; (5) when each defendant acted or failed to act; (6) how each defendant's actions or inactions are connected to the alleged violations of her

rights; and (7) the specific injuries that she suffered as a result of each defendant's conduct.

Buchanan may have until **September 25, 2024** to file an Amended Complaint.  **The Court cautions Buchanan that failure to file an Amended Complaint, consistent with the guidance in this Order, by that date will result in the automatic dismissal of this action without prejudice or further notice.**

The Clerk of Court is DIRECTED to serve Buchanan with a copy of the form "Pro Se 7 – Complaint for Employment Discrimination."

IT IS SO ORDERED.

DATED: September 11, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

Rose A. Buchanan vs. Doris Duke Foundation-Shangri-LA Museum of Islamic Art; Civil No. 24-00383 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**