IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROSE A. BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DORIS DUKE FOUNDATION –<br>SHANGRI-LA MUSEUM, *et al.*,<br><br>　　　　Defendants. | Case No. 24-cv-00383-DKW-WRP<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND**[1] |

On September 11, 2024, the Court granted Plaintiff Rose Buchanan leave to proceed *in forma pauperis*, but dismissed her Complaint against Defendant Doris Duke Foundation – Shangri-La Museum with leave to amend because she failed to plausibly state a claim for employment discrimination under Title VII of the Civil Rights Act of 1964.  Dkt. No. 7.  Subsequently, on September 24, 2024, Buchanan filed a First Amended Complaint ("FAC"), naming several new Defendants[2] and adding additional factual detail to her claims.  Dkt. No. 8.[3]

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.
[2] The new Defendants are Kiisha Morrow, Lea Major, Paul Calvey, and Nicole Cruz.  Dkt. No. 8 at 2–4.
[3] In citing to the FAC, the Court utilizes the page numbers assigned by CM/ECF in the top right corner of each page, rather than the page numbers at the bottom of each page, because the latter does not extend consistently throughout the entire document.

dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), it cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the litigant's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

Here, despite providing additional factual background, Buchanan's FAC still does not plausibly state a claim for relief.[5] As previously explained, Title VII of the Civil Rights Act of 1964 prohibits refusing to hire any individual on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

---

[4]The Supreme Court has clarified that at this stage of the proceedings, "a complaint in an employment discrimination lawsuit" need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth … in M*cDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Rather, "the ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at 511.

[5]As a jurisdictional matter, Buchanan argues that she is entitled to bring this case in federal court because the First Amendment guarantees her a "'right to petition the government for a redress of grievances,' that includes a right to court access, with a right to a remedy for [her], the legally injured person." Dkt. No. 8 at 6, 10. To be clear, although there may be a First Amendment right to access the courts, *see Borough of Duryea, Pennsylvania v. Guarnieri*, 564 U.S. 379, 387 (2011), the Court's subject matter jurisdiction in this case derives from the fact that Buchanan brings suit under Title VII—a federal statute. *See* 28 U.S.C. § 1331; Dkt. No. 8 at 5.

Although Buchanan speculates that she was not hired as a security guard due to her gender and sexual orientation, she still provides no factual allegations that would support such an inference.[6] *See* Dkt. No. 8 at 7–8, 11–12.  Indeed, despite recounting her hiring process at length, the *only* basis that Buchanan provides to believe such discrimination occurred is that during her interview, she "met mostly all males as their security; only one other female." *See id*.  Such bare assertions, without more, do not plausibly establish that Defendants discriminated against Buchanan *because of* her gender or sexual orientation.[7] *See* 42 U.S.C. § 2000e-2; *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847–848 (9th Cir. 2002) (explaining that the statute's "text is crystal clear: an employee makes out a Title VII violation by showing discrimination 'because of' race, sex, or another protected factor."). As such, the FAC, Dkt. No. 8, must again be DISMISSED for failure to state a claim upon which relief may be granted.[8]

---

[6]Title VII's prohibition on sex discrimination includes discrimination on the basis of sexual orientation.  *See Bostock v. Clayton Cnty.*, 590 U.S. 644, 650–52 (2020).

[7]In addition, "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).  As such, Buchanan's Title VII claims against Morrow, Major, Calvey, and Cruz must be DISMISSED WITHOUT LEAVE TO AMEND.

[8]Though somewhat unclear, it appears that Buchanan may also be asserting a breach of contract claim based on her offer letter.  *See* Dkt. No. 8 at 4, 6–7.  To plausibly state such a claim, the plaintiff must identify: "(1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; and (5) when and how Defendants allegedly breached the contract." *Evergreen Eng'g, Inc. v. Green Energy Tam LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012) (quotation marks and citations omitted).  Here, even assuming that the offer letter can be properly characterized as a contract, Buchanan does not indicate whether she performed under that contract, identify the particular provision of the offer letter that she believes was breached,

Nevertheless, because it is possible that amendment may still cure the deficiencies identified above, the Court will grant Buchanan one last opportunity to do so. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Should Buchanan choose to file another amended Complaint, she must once again briefly and plainly explain to the Court: (1) the basis of this Court's jurisdiction; (2) the constitutional or statutory rights she believes were violated; (3) the names of the defendants who violated those rights; (4) each defendant's precise actions or inactions; (5) when each defendant acted or failed to act; (6) how each defendant's actions or inactions are connected to the alleged violations of her rights; and (7) the specific injuries that she suffered as a result of each defendant's conduct. In doing so, Buchanan **may not** reassert her Title VII claims against any of the *individual* Defendants. *See supra* 3 n.7.

Buchanan may have until **October 25, 2024** to file a Second Amended Complaint. **The Court cautions Buchanan that failure to file a Second Amended Complaint, consistent with the guidance in this Order, by that date**

---

or explain how Defendants' conduct breached that specific provision. Consequently, any such claim must also be DISMISSED with leave to amend. *See Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163–64 (D. Haw. 2012).

**will result in the automatic dismissal of this action without prejudice or further notice.**

The Clerk of Court is DIRECTED to serve Buchanan with a copy of the form "Pro Se 7 – Complaint for Employment Discrimination."

IT IS SO ORDERED.

DATED: October 2, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Rose A. Buchanan v. Doris Duke Foundation, et al*; Civil No. 24-00383 DKW-WRP; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND**