IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ROSE A. BUCHANAN, | Case No. 24-cv-00383-DKW-WRP |
| Plaintiff, | **ORDER DISMISSING CASE WITH PREJUDICE PURSUANT TO PLAINTIFF'S AS-CONSTRUED NOTICE OF DISMISSAL[1]** |
| vs. | |
| DORIS DUKE FOUNDATION – SHANGRI-LA MUSEUM OF ISLAMIC ART, *et al.*, | |
| Defendants. | |

On October 2, 2024, the Court issued an Order dismissing Plaintiff Rose Buchanan's First Amended Complaint ("FAC") based on her failure to assert sufficient facts to plausibly state a claim for relief.  Dkt. No. 9.  The Court gave Buchanan limited leave to amend, but cautioned her that failure to file a Second Amended Complaint ("SAC") by October 25, 2024 would result in the dismissal of her action without prejudice or further notice.  *See id.* at 4–5.  In response, on October 8, 2024, instead of filing an SAC, Buchanan filed a request "to withdraw/dismiss [her] complaint, with prejudice, case no. 24-cv-00383-DKW-WRP due to lack of more required facts."  Dkt. No. 11 at 1.

---

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may voluntarily dismiss an action without a court order by filing either:

    (i)     a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

    (ii)    a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). If an opposing party has answered, moved for summary judgment, and/or refused to stipulate to dismissal, the action "may be dismissed at the plaintiff's request only by court order [and] on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, no Defendant has appeared, much less answered or filed a motion for summary judgment. As such, the Court construes Buchanan's request as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[2] This action is therefore DISMISSED WITH PREJUDICE by operation of law.[3] *See Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been

---

[2]Because Buchanan is *pro se*, the Court construes her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3]Although a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) is usually without prejudice, Buchanan specifically requested dismissal with prejudice. *See* Dkt. No. 11 at 1; Fed. R. Civ. P. 41(a)(1)(B).

brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.").

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: October 21, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

___

*Rose A. Buchanan vs. Doris Duke Foundation et al*; Civil No. 24-00383 DKW-WRP; **ORDER DISMISSING CASE WITH PREJUDICE PURSUANT TO PLAINTIFF'S AS-CONSTRUED NOTICE OF DISMISSAL**